WRIGHT v. CRANE.

1. PLEADINGS—AMENDMENT AT TRIAL—DISCRETION—REVIEW.
   Allowing an amendment, at the trial, of a declaration charging a negligent personal injury, by making more specific the averment of care on the part of plaintiff, is a matter resting in the sound discretion of the trial judge, the exercise of which will not be disturbed unless abuse is shown.

2. HIGHWAYS—USE FOR TRAVEL—AUTOMOBILES.
   Owners of automobiles have the same rights in the public highways that drivers of horses have, but the right of either class is not to use the means of locomotion without regard to the right of others traveling on the highways.[1]

3. SAME—NEGLIGENT USE OF AUTOMOBILE—QUESTION FOR JURY.
   Whether it is negligence for the owner of an automobile to run it in the dark without the warning to one approaching from the opposite direction which a headlight gives, is a question for the jury.

4. EVIDENCE—OPINION—COMPETENCY OF WITNESS.
   A witness who testifies that the automobile which caused his horse to turn was but 20 feet from his horse's head when first discovered, that when approaching in the dark it made no noise heard by him, that when running at a high rate of speed it makes but little noise, and that when running at a low rate of speed it makes much more noise, is not competent to estimate the speed of the automobile.

5. SAME—PREJUDICIAL ERROR.
   Where, in an action for injuries received in consequence of a horse becoming frightened by an automobile approaching in the dark, there was a sharp dispute on the facts, and any testimony showing a reckless rate of speed in running the automobile was calculated to affect the verdict, the error in permitting an unqualified witness to estimate the speed of the automobile was prejudicial error.

Error to Benzie; Chittenden, J.   Submitted November 9, 1905.   (Docket No. 107.)   Decided December 30, 1905.

[1] For law governing automobiles, see note to Christy v. Elliott (Ill.), 1 L. R. A. (N. S.) 215.

Case by Blanche Wright against Martin Crane for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*D. G. F. Warner*, for appellant.

*Louisell & Nevius*, for appellee.

MONTGOMERY, J.   The plaintiff, in company with another young lady and a Mr. Upton, was riding on the main highway, south of South Frankfort, in a single carriage.   Mr. Upton was driving a horse which the testimony tends to show was gentle, and which had been owned by Mr. Upton's father and used as a family horse for several years.   The time was about half past 8 in the evening.   It was dark at the time, so that an approaching vehicle could not be seen for a great distance.   The plaintiff's testimony and that of Mr. Upton tended to show that they were keeping a lookout ahead for teams or vehicles, and that suddenly the defendant's automobile, which had been running so quietly as not to be heard, and which displayed no headlight, appeared at a distance of about 20 feet ahead of the horse, causing the horse to take fright, turn about, and overturn the carriage, throwing the plaintiff from the carriage against a barbed wire fence. Plaintiff was seriously injured.   The declaration counted on defendant's negligence in running the automobile at a high rate of speed and without headlights.   The plaintiff recovered a verdict and judgment of $650.   Defendant brings error.

Complaint is made of a ruling permitting an amendment to the declaration on the trial making more specific the averment of care on the part of plaintiff.   The granting of the amendment was not improper.   The question was one resting in the sound discretion of the trial judge, and no abuse of discretion is shown by this record.

The principal question discussed in defendant's brief is whether a verdict should have been directed for the defendant.   The contention that a verdict should have been

directed rests in part upon the claim that the horse took fright while the automobile was some 200 feet away. We think the testimony on this point was so clearly conflicting that it is impossible for us to treat with the question as one of law. There was a question for the jury, unless we are prepared to hold, as matter of law, that the failure to have a light was no evidence of negligence. We are convinced that such a holding would be unwarranted. There is no doubt that owners of automobiles have the same rights in the streets and highways of the State that the drivers of horses have, but the right of either class is not to use the means of locomotion without regard to the right of others having occasion to travel the highway. The degree of care required of either the driver of a horse or the chauffeur of an automobile is governed by the character of the agency employed. The automobile is usually, or at least often, driven with much greater speed than horses attain. Whether it is the exercise of due care to run such a machine in the dark without the warning to one approaching from the opposite direction which a headlight affords is, we think, a question for the jury. It is significant that the evidence shows that the automobile in question was provided with lanterns. The charge of the court fairly presented the issues to the jury.

Mr. Upton was a witness for the plaintiff, and after testifying that the automobile was but 20 feet from the horse's head when first discovered, and that the automobile made no noise when approaching heard by him, and that when running at a high rate of speed it makes but little noise, and when running at a low speed it makes much more noise, was permitted, against defendant's objection, to testify as to the rate of speed of the automobile on the occasion in question. An estimate of speed should have as a basis at least a reasonable opportunity to judge. *Grand Rapids, etc., R. Co.* v. *Huntley*, 38 Mich., at page 540. It is so obvious that this witness was not in a position to estimate the speed of this vehicle that we feel

constrained to hold that it was error to admit this testimony. Nor are we able to say that it was error without prejudice. There was a sharp dispute on the facts, and any testimony showing a reckless rate of speed was well calculated to turn the scale in favor of the plaintiff.

The other questions discussed are not likely to arise on a new trial.

For the error pointed out, the judgment is reversed, and a new trial ordered.

MOORE, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.