MATLA *v.* RAPID MOTOR VEHICLE CO.

1. HIGHWAYS—NEGLIGENCE—MOTOR VEHICLE LAW—AUTOMOBILES —NEW TRIAL.

   On a motion for a new trial of an action for negligently operating a motor vehicle on the highway, the opinion of the circuit judge in refusing a new trial was sufficiently supported by evidence tending to show that the car ran at an excessive rate, and the chauffeur failed to use reasonable care.[1]

2. SAME—HIGHWAYS—FRIGHTENING TEAM.

   Averments of a declaration that the defendant's agent operated his car in such a manner as to frighten plaintiff's team, are not so dependent upon other averments of a collision that plaintiff could not recover without proving both allegations.

3. SAME—WITNESSES—SPEED.

   It was not error to permit plaintiff, who had an opportunity to observe its approach for some distance, to testify concerning the rate of speed of the approaching automobile.

4. SAME — CONTRIBUTORY NEGLIGENCE — QUESTIONS OF LAW AND FACT.

   Under conflicting evidence as to plaintiff's management of his team, a question of fact for the jury was presented.

5. EVIDENCE—CROSS-EXAMINATION—EXTENT.

   A cross-examination as to the rate of speed at which the defendant's agent ordinarily ran his car was permissible, following his statement that he ran slowly while testing cars.

6. SAME—AUTOMOBILES.

   Permitting a question whether it would have caused a different result if the witness had gone to the head of the horses, was not harmful where no injurious answer was elicited.

Error to Oakland; Smith, J.   Submitted January 20, 1910.   (Docket No. 102.)   Decided April 1, 1910.

Case by William Matla against the Rapid Motor Vehi-

---

[1] As to duty and liability of operator of automobile with respect to horses encountered on the highways, see note to *Mahoney* v. *Maxfield* (Minn.), 14 L. R. A. (N. S.) 251.

cle Company for personal injuries.   A judgment for plaintiff is reviewed by defendant on writ of error.   Affirmed.

*Patterson & Patterson*, for appellant.

*Davis & Bromley*, for appellee.

MONTGOMERY, C. J.   The plaintiff brought this action to recover for damages to his horses and vehicle occasioned by the alleged wrong of defendant company through its agent and servant, James Carey:   The duty averred on the part of the defendant was based on Act No. 196 of the Public Acts of 1905, and it is alleged in the declaration that—

"It became and was the duty of the defendant company, by its public servant and agent, in running said automobile northerly on Parke street in the city of Pontiac, to drive and run the same at a rate of speed not greater than 15 miles an hour in any event, and in approaching the place on Parke street where Whittemore street intersects and crosses the same, at a rate of speed not greater than 10 miles an hour, and it became and was the duty of the defendant company by their said servant and agent, in approaching and passing the place where Whittemore street crosses Parke street, to have had said automobile under control so as to have stopped it quickly, and it became and was the duty of the defendant company, by their said servant and agent, on approaching the plaintiff, his team and vehicle, to slow down to a speed not exceeding 10 miles an hour, and give reasonable warning of his approach, and use every reasonable precaution to insure the safety of plaintiff, and to prevent frightening his team, and inasmuch as the plaintiff on the occasion in question did holler at the said servant and throw up his hands as signals to him to slow down and stop said automobile, it became and was the duty of the defendant company by their said servant to immediately bring said automobile to a stop, and it became and was the duty of the defendant company by their said servant to not drive or guide said automobile against and into the team of the plaintiff and not frighten, injure, or damage the plaintiff or his team, harness and surrey, or cause said team to run away, yet the said defendant

company, by their said servant and agent, at the time and place aforesaid, disregarded their said duty as aforesaid, * * * did not have said automobile under control so as to have stopped it quickly, and on approaching the plaintiff, his team and vehicle, on Parke street aforesaid, did not slow down to a speed not exceeding 10 miles an hour and give reasonable warning of the approach of said automobile, but did run said automobile at a rate of 25 miles an hour, and did not give any warning of its approach and did not use any reasonable precaution to insure the safety of the plaintiff and to prevent frightening the plaintiff's team, and when the plaintiff signaled the said driver, agent, and servant, the said defendant company, by their agent and servant, did not slow down and stop said automobile immediately, and did not drive or guide said automobile so as not to run against and into the team of the plaintiff and not frighten said team and not cause them to run away, but the defendant company, its servant and agent in each and every respect mentioned, was careless and negligent, so carelessly, negligently, and improperly run and drove the said automobile at the time and place aforesaid with force and arms, and with great violence against and into the said team of horses and surrey, in which surrey the said plaintiff was riding and driving in and along the said public highway, and did unnecessarily frighten the team of the said plaintiff, and caused said team to fall down and then to run away after getting up," etc.

The plaintiff recovered a judgment of $200, and the defendant brings error.

The errors assigned are the refusal to grant a new trial, refusal to give certain of defendant's requests, and alleged error in the admission of testimony. The claim is that the testimony of the plaintiff was so vague as not to justify basing a verdict upon it, and that this testimony was met and overcome by testimony offered on the part of the defendant. Plaintiff's testimony, however, was not too vague to support the declaration. There was uncertainty as to whether the defendant's vehicle actually struck the horses. But plaintiff's testimony as to the rate of speed and as to the manner in which the automobile was con-

trolled by the defendant's servant was sufficiently definite. There was a sharp issue upon the question of fact, and the circuit judge, who saw the witnesses, was not convinced that the verdict was sufficiently against the testimony to justify a new trial. We think no error was committed in this respect.

Error is assigned upon the refusal of the court to give its fourth request, which was, in substance, that unless there was an actual collision between the motor wagon and the team, there could be no recovery. We think the averments in the declaration are not so dependent as to make this request proper. The declaration avers that it was the duty not to frighten the team, and avers that the car was so managed as to frighten the team. If the statutory duty was neglected, we think this declaration broad enough to cover it.

The defendant's eighth request was as follows:

"There is no competent evidence in this case that the speed of the motor wagon exceeded 10 miles per hour."

The plaintiff testified that he had witnessed automobiles go by his place frequently, had seen them driven frequently, and that he had ridden in automobiles. He had the opportunity to see this automobile approaching for some distance, and he expressed the opinion that it was going at a very much higher rate of speed than 10 miles an hour, and we think this testimony was competent. The case is easily distinguishable from *Wright* v. *Crane*, 142 Mich. 510 (106 N. W. 71). In that case the automobile was not seen by the plaintiff until it was within 20 feet of where the plaintiff stood, coming directly towards him. It was said in that case that the witness was not in a position to estimate the speed of the vehicle. In the present case, the plaintiff had much better opportunity, in fact, ample opportunity, to judge of the rate of speed of this motor car.

It is claimed that the plaintiff was guilty of contributory negligence. We think his testimony showing the

manner in which he controlled his team presented a question for the jury.

Error is assigned upon permitting a question, on cross-examination of defendant's witness, as to what his ordinary rate of speed was in testing out cars. It appeared that he was defendant's tester. The witness on cross-examination offered the statement: "I run slow all through town while testing." This certainly opened up the door for a searching cross-examination as to the rate of speed at which he ran the car. The question put on cross-examination of this witness as to whether it would have been different had he got down and gone to the head of the horses is without force, as the court practically excluded the inquiry, and no answer was given which would injuriously affect the defendant.

While the testimony was not very conclusive as to defendant's negligence, there was, as we think, sufficient to carry it to the jury, and sufficient to justify the refusal of the court to vacate the verdict. There was no damaging error in the admission of testimony or in the submission of the case to the jury.

The judgment will be affirmed.

OSTRANDER, HOOKER, MOORE and STONE, JJ., concurred.