FAULKNER *v.* PAYNE.

1. WITNESSES—QUALIFICATIONS—EVIDENCE—SPEED, RATE OF.
     A witness who had been in the habit of meeting automobiles and observing their rate of progress, had driven horses all her life, and estimated their speed and that of other moving objects, who had seen the automobile of the defendant approaching ten or more rods away, was rightly allowed to give her opinion as to the rate of speed of the car: its weight was for the jury and the opinion should not be rejected unless clearly of no value.

2. EVIDENCE—PAIN AND SUFFERING.
     Plaintiff's testimony in a personal injury action that she suffered "lots of pain in every way" was not improperly received in evidence.

Error to Calhoun; North, J. Submitted January 10, 1916. (Docket No. 85.) Decided April 21, 1916.

Case by Clinda Faulkner against Milo B. Payne for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Winsor & Robinson,* for appellant.

*Elmer N. Peters,* for appellee.

KUHN, J. The plaintiff, accompanied by her daughter, Lulu Lake, on November 12, 1912, was riding in a buggy, driving a single horse, in the township of Lee, Calhoun county, Mich., going northerly toward her home in Brookfield, Eaton county, Mich. The highway was an ordinary country road, and they met the defendant and his wife in an automobile. The view along the road was unobstructed for a distance of at least 15 or 20 rods, and the horse which the

plaintiff was driving was 23 years old, and was not afraid of automobiles, having been accustomed to meeting them on the highway. As the horse and automobile met, according to the plaintiff, the horse jumped to the right, away from the automobile, then swung back again to the left, tipping the buggy over, throwing the occupants out on the right side of the road, causing injuries to the plaintiff for which she brought this suit. The negligence relied upon was in driving the automobile at an excessive rate of speed, causing the horse to take fright. A verdict of $800 was had in the court below, and judgment was rendered thereon.

But two points are raised and discussed by counsel in their briefs, viz.: (1) The admissibility of the testimony of the witnesses Faulkner and Lake as to the rate of speed at which defendant's car was traveling when it approached the horse and buggy of the plaintiff; and (2) the admissibility of the evidence of the plaintiff that she "suffered lots of pain in every way."

It is the contention of the defendant's counsel that the witnesses who testified as to speed had not shown sufficient knowledge or experience to qualify them to testify as they did. Mrs. Faulkner, who was about 62 years of age at the time of the accident, testified that she had been in the habit of meeting automobiles on the road for years, that she had been driving horses all her life, had ridden on railroad trains, and had observed the rate at which the ordinary vehicles traveled, and stated that she first saw the defendant when he was about 10 or 12 rods away. Witness Lulu Lake, who was about 45 years of age, testified that in her opinion the defendant's automobile was being driven from 25 to 30 miles an hour at the time of the accident. She stated that she had driven horses all her life, had ridden in automobiles, had ridden on trains, and knew something about the speed which trains of

cars made. She stated that she had an opportunity to observe the machine as it was approaching her in such a way as to enable her to form a reasonable judgment as to how fast it was going.

The accident occurred in broad daylight, at a point where the respective parties could observe one another as they approached for a distance of from 15 to 25 rods. As was said by Mr. Justice PERSON for the court in *Harnau* v. *Haight,* 189 Mich. 600 (155 N. W. 563, 566):

"Such testimony should not be rejected unless it is clearly apparent that it can be of no value to the jury. Its weight is, of course, to be determined entirely by them," citing cases.

See, also, 2 R. C. L. p. 1202, and note to *Tecklenburg* v. *Light & Water Co.,* 34 L. R. A. (N. S.) 784. See, also, *Matla* v. *Motor Vehicle Co.,* 160 Mich. 639 (125 N. W. 708). In that case the case of *Wright* v. *Crane,* 142 Mich. 508, 510 (106 N. W. 71), cited by counsel for appellant in his brief, is distinguished, and it is likewise easily distinguishable from the case now before us. For in that case the accident happened when it was dark, so that an approaching vehicle could not be seen for any considerable distance; and it was not claimed that the automobile was seen by the plaintiff until it was within 20 feet of where the plaintiff stood coming directly toward him. It was held that there was not a reasonable opportunity given under these circumstances to judge the speed, and that therefore it was obvious that the witness was not in a position to estimate the speed. In the present case, however, the witnesses had ample opportunity to judge of the speed, and therefore there was no error in submitting their testimony for the consideration of the jury.

There is also no merit in the contention as to the admission of testimony of the plaintiff concerning her suffering and pain, as the declaration alleges:

"Plaintiff has, by the negligent, careless, and improper conduct of the defendant, during all of the time from the happening of said injury to the present time, suffered great pain," etc.

We discover no error.

Judgment is affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.