## JONES *v*. DETROIT TAXICAB & TRANSFER CO.

1. NEGLIGENCE—PERSONAL INJURIES—EVIDENCE—WITNESSES—RATE OF SPEED.

    In an action for personal injuries to an infant 4 years and 4 months old, caused by being struck by a taxicab upon a public street, a witness who had observed moving objects, had driven a horse and wagon for 12 years, had ridden in automobiles, had observed their speed and watched the speedometer, was competent to testify as to the rate of speed at which the taxicab was approaching, which he saw when it was 40 feet away.

2. SAME — EVIDENCE — AUTOMOBILES — LICENSE NUMBER — PRIMA FACIE OWNERSHIP PROVED BY CERTIFIED COPIES.

    Certified copies from the office of the secretary of State of the application for, and issuance to the defendant, as owner, of the distinctive number of the license plate upon the taxicab was sufficient to establish ownership *prima facie*.

3. SAME—WITNESSES—CROSS-EXAMINATION — CREDIBILITY OF WITNESS.

    Cross-examination of the driver of the taxicab, in which he admitted he had been discharged for overcharging customers but denied that there were other causes, *held*, not improper, since the questions asked affected the credibility of the witness and the examination was kept within reasonable bounds by the trial judge.

4. TRIAL — ARGUMENT OF COUNSEL — GOOD FAITH—COUNSEL MAY STATE WHAT HE BELIEVES TO BE THE LAW.

    Argument of counsel as to what he believes the law applicable to the case to be is not reversible error, although he may be mistaken, where the argument is made in good faith, since the court, in his charge to the jury, should correct the error, and truly state the law upon the point.

Error to Wayne; Dingeman (Harry J.), J.    Sub-

On evidence as to speed of automobile, see note in 34 L. R. A. (N. S.) 778.

Making *prima facia* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver, see notes in 46 L. R. A. (N. S.) 1091; L. R. A. 1918D, 924.

218 Mich.—43.

mitted April 11, 1922.   (Docket No. 31.)   Decided June 5, 1922.

Case by Hugh G. Jones, an infant, by his next friend, against the Detroit Taxicab & Transfer Company for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*A. W. Sempliner*, for appellant.

*Clarence P. Milligan*, for appellee.

Plaintiff, 4 years and 4 months old, was struck by a taxicab in the street in front of his parents' home, No. 71 Marantette street, in the city of Detroit.   He was carried into the house, hurried to a hospital, where he remained some time.   He made a good recovery but the testimony tends to show that he will be permanently disfigured.   Marantette street is 26 feet from curb to curb and is paved with asphalt. The place of the accident was 3 or 4 blocks from the Michigan Central depot.   Plaintiff produced one witness to the accident, a Mr. Miller, a junk peddler, who assisted in extricating plaintiff from under the taxicab after the accident.   He was upon the street in his peddling wagon drawn by one horse and gave testimony tending to show that there were no automobiles parked on the street, that he saw the taxicab coming for 40 feet, that it was running 20 to 25 miles an hour, that no horn was sounded, that the infant plaintiff was in the street in plain view and was run down by the taxicab.   Defendant called the driver and his testimony tended to show that he was going less than the statutory rate of speed, that there was an automobile parked in the street and that the infant plaintiff came out from behind it when he was so close to him that it was impossible to avoid the accident although he did everything in his power so to do.   Defendant also called an eyewitness to the acci-

dent, a Mr. Brandt, who testified that there was an automobile parked on the street. In other regards his testimony tended to support that of the driver. The case was submitted to the jury in a charge not complained of. Plaintiff had verdict and judgment in the sum of $1,500.

FELLOWS, C. J. (*after stating the facts*). It is first insisted that the witness Miller had not qualified himself to testify on the subject of the speed of the taxicab and it is urged that, his testimony being the only testimony offered by the plaintiff on the subject of speed, there was no competent testimony that the taxicab was exceeding the statutory rate, and a verdict should have been directed for the defendant. Mr. Miller on his direct-examination testified that he had driven a horse and wagon for 12 years, had ridden in automobiles, once taking a trip from Detroit to Chicago, that he had a chance to observe how fast they were going, that he made the trip with two others, that they went "50 or 40 miles an hour," that he watched the speedometer, that he rides often with friends who have machines. In the early case of *Detroit, etc., R. Co.* v. *Van Steinburg*, 17 Mich. 99, it was said by Chief Justice COOLEY, speaking for the court:

"The point to which the attention of the witnesses was directed was the speed of a passing object. The motion of the train was to be compared to the motion of any other moving thing, with a view to obtaining the judgment of the witness as to its velocity. No question of science was involved, beyond what would have been, had the passing object been a man or a horse. It was not, therefore, a question for experts. Any intelligent man, who had been accustomed to observe moving objects, would be able to express an opinion of some value upon it, the first time he ever saw a train in motion. The opinion might not be so accurate and reliable as that of one who had been

accustomed to observe, with time-piece in hand, the motion of an object of such size and momentum; but this would only go to the weight of the testimony, and not to its admissibility.    Any man possessing a knowledge of time and of distances would be competent to express an opinion upon the subject."

See, also, *Guggenheim* v. *Railway Co.*, 66 Mich. 150; *Keating* v. *Railroad Co.*, 104 Mich. 418; *Line* v. *Railway Co.*, 143 Mich. 163.    The witness had observed moving objects, for 12 years he had driven a horse, he had ridden in automobiles and had observed their speed.    He saw the taxicab coming for 40 feet. While his cross-examination may have affected the credit to be given his testimony it did not render it inadmissible.    The trial judge did not err in receiving the testimony nor in overruling defendant's motion for a directed verdict.

When the accident occurred plaintiff's father took the license number of the machine—128028.    Upon the trial plaintiff by certified copies from the office of the secretary of State proved the application for and issuance to the defendant as owner of that distinctive number.    This was sufficient to establish ownership *prima facie*.    In *Hatter* v. *Dodge Bros.*, 202 Mich. 97, it was said by Justice STEERE, speaking for the court:

"Proof of the license number upon an automobile being driven upon a highway and of the person in whose name such distinctive number is registered as owner, *prima facie* identifies both vehicle and ownership."

Upon cross-examination of the driver he admitted that he had been discharged for overcharging customers but denied that he was discharged for other causes.    It is claimed that this cross-examination was improper and constitutes reversible error.  The questions asked affected the credibility of the witness and

the trial judge kept the examination within reasonable bounds.    We find no reversible error in the cross-examination of this witness.

Finally error is assigned on the argument of plaintiff's counsel.    We have read the excerpts which are claimed to be prejudicial.    They are not of an inflammatory character.    Indeed, the objection most seriously urged to them is that plaintiff's counsel did not state the applicable law.    There is nothing upon this record indicating that plaintiff's counsel was not acting in entire good faith.    When so acting counsel may, both in stating his case in the first instance and in his argument of the case to the jury, state what he believes the law applicable to the case to be.    *Fosdick* v. *Van Arsdale,* 74 Mich. 302; *People* v. *Smith,* 177 Mich. 358, and authorities there cited and considered. In the case of *People* v. *Jenness,* 5 Mich. 305, where it was contended that in the argument of the prosecuting attorney he erroneously stated the law and that this constituted reversible error, it is said:

"However erroneous this view of the law might be (and it was clearly so), yet, as it was a question of law for the court, and not for the jury, we do not think it could be treated as an error for which a verdict should be set aside, if the court, in his charge to the jury, should correct the error, and truly state the law upon the point.    It is to the charge, and not to the argument, we are to look for the decision of such a question."

We find no reversible error upon the record and affirm the judgment.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.