277 P.2d 239

**F. D. ELDREDGE and Agnes Eldredge, husband and wife, and Loren D. Eldredge, Appellants, v. W. Fred MILLER and Susan M. Miller, husband and wife, and Susan Miller, a minor, by her guardian ad litem, W. Fred Miller, and Theodore Oltsvig, Appellees.**

No. 5810.

Supreme Court of Arizona.

Nov. 29, 1954.

Rehearing Denied Jan. 11, 1955.

Shimmel, Hill & Hill, Phoenix, for appellants.

Evans, Hull, Kitchel & Jenckes, Jos. S. Jenckes, Jr., Phoenix, for appellees W. Fred Miller, Susan M. Miller and Susan Miller, a minor.

WINDES, Justice.

Action by W. Fred Miller, Susan M. Miller, his wife, and Susan Miller, a minor, by guardian ad litem, as plaintiffs against Theodore Oltsvig, F. D. Eldredge, Agnes Eldredge, his wife, and Loren D. Eldredge, as defendants, wherein plaintiffs claim damages resulting from an automobile accident which is alleged to have been caused by the negligent operation of the Eldredge and Oltsvig cars.

The minor claims personal injuries and the adult plaintiffs claim special damages by reason of expenses for hospital, medical and dental care of the minor. Defendants Eldredge cross-claimed against defendant Oltsvig, alleging negligence on his part and that plaintiffs' damages and cross-claimants' damages were proximately caused thereby. After trial before a jury a verdict was returned in favor of the minor Susan Miller in the amount of $10,000 and in favor of plaintiffs W. Fred Miller and his wife in the sum of $1,609.80 against all defendants. The jury also returned a verdict on the cross-claim in favor of defendants Eldredge and against defendant Oltsvig in the sum of $75. The latter verdict was set aside by the court upon the ground it was not based upon any competent evidence and the court rendered judgment upon the verdict in favor of the plaintiffs for the respective amounts. Defendants Eldredge having made a motion for judgment notwithstanding the verdict and a motion for new trial and the same having been denied, appeal.

The accident occurred at the intersection of 18th and Grand Avenues in the City of Phoenix. Grand Avenue runs at an angle in a southeasterly direction. 18th Avenue runs north and south. The car in which the minor, Susan Miller, was riding was traveling on Grand Avenue in a southeasterly direction. The defendant Loren D. Eldredge was driving the Eldredge car in a northwesterly direction on Grand Avenue and the defendant Oltsvig was driving his

car south on 18th Avenue. Oltsvig after reaching the intersection pulled into Grand Avenue and stopped on Eldredge's side of the street to permit the Miller car to pass, intending to make a left turn and proceed southeasterly on Grand Avenue. The Eldredge car collided with the Oltsvig car and careened into the Miller car, thus causing the damages for which the verdicts for plaintiffs were returned.

At the request of the plaintiffs the court gave the jury an instruction embodying portions of our statute concerning the operation of motor vehicles among which was a portion of subsection (b), section 66-175, 1952 Cum.Suppl., A.C.A.1939, section 144, chapter 3, Laws 1950, 1st S.S., as follows:

> "Every motor vehicle shall be capable at all times and under all conditions of loading of being stopped on a dry smooth level road, free from loose materials, upon application of the foot brake within a distance of 30 feet when traveling at 20 m.p.h."

The instruction and the statute concern the performance and ability of brakes. It means that every motor vehicle when operated on the highway shall be equipped with brakes capable of stopping the car under the conditions stated in the statute and the instruction within 30 feet when traveling at 20 miles per hour. Following the giving of the foregoing instruction, the

court further told the jury that a failure to comply with the statutory provisions was negligence per se and if the jury found the defendants or either of them violated the same and that such violation proximately caused or contributed to plaintiffs' injuries, it must find for the plaintiffs.

■ Appellants state there is no evidence that the brakes of the Eldredge car were defective and therefore no factual basis upon which to predicate the instruction. The function of instructions is to give the jury the law which it shall apply to the facts as it finds them to exist from the evidence. To be warranted an instruction necessarily assumes the jury can find facts to which the instruction is applicable. Instructions are necessarily hypothetical, the hypothesis being that the jury can find certain facts. Otherwise, the court would be introducing facts into the evidence and might well lead the jury to believe that in the opinion of the court the existence thereof is possible. Hence the rule that an instruction not based on the evidence is erroneous. Butane Corp. v. Kirby, 66 Ariz. 272, 187 P.2d 325.

■■ There was no direct evidence of defective brakes, and the evidence also indicates that the brakes took hold before the collision. Plaintiff-appellees refer us to circumstantial evidence which they say warrants an inference of such defect. The reference is to portions of testimony of

the defendant Oltsvig where he stated he saw Eldredge "duck up and down and go back down again on his back. He was reaching for the foot pedal for the brake." and to portions of Loren Eldredge's testimony wherein he stated he was going 30 miles an hour and was just too close to stop. We cannot agree that the circumstances warrant any possible inference that the Eldredge car was being operated without lawful brakes, and the instruction was reversible error.

The defendant Oltsvig gave as his opinion that the Eldredge car was traveling 55 miles an hour. Appellants present for our consideration whether the trial court erred in permitting this estimate or opinion. A witness who is otherwise qualified and who observes a car in motion may give his opinion of its speed if the observation is sufficient under the circumstances to give the opinion any possible evidentiary value. Harnau v. Haight, 189 Mich. 600, 155 N.W. 563, 13 N.C.C.A. 566. When the decision for admission or exclusion of such opinions must be based upon the degree of observation, the authorities are not harmonious. For illustration, Michigan in one decision held it should be excluded when the car was 20 feet distant. Wright v. Crane, 142 Mich. 508, 106 N.W. 71, 19 Am.Neg.Rep. 336. On the other hand, the same jurisdiction held observation for a distance of 40 feet was adequate. Jones v. Detroit Taxicab & Transfer Co., 218

Mich. 673, 188 N.W. 394. California has gone to the extreme and held that a mere glimpse at a distance of five feet was adequate. Schwenger v. Gaither, 87 Cal.App. 2d 913, 198 P.2d 108. It has been held that observing an approaching car qualifies one to render an opinion of its speed. Ford v. Southwestern Greyhound Lines, 5 Cir., 180 F.2d 934; Gerish v. Hinchey, 120 Neb. 51, 231 N.W. 503. Also it has been held that when the question is close, the opinion should be admitted and the question of whether or to what extent it has any weight should be left to the jury. Jack Cole, Inc., v. Walker, 240 Ala. 683, 200 So. 768. We think that the correct rule is that if there is any possibility the opinion has evidentiary value, however slight, the trial court should not be reversed for admitting it. In the instant case, the witness saw the Eldredge car coming approximately a block distant; he saw the car in which plaintiff Susan Miller was riding about four to five car lengths away (traveling at about 30 miles an hour) which reached him approximately simultaneously with the Eldredge car; and he saw the Eldredge car about 15 or 20 feet before it struck him. We think under all these circumstances the court did not err in admitting the opinion testimony and permitting the jury to determine whether or to what extent it should be given weight.

Appellants contend that when the jury returned a verdict against all defendants

146

on the complaint and also a verdict against Oltsvig in favor of defendants Eldredge on their cross-claim, the verdicts are inconsistent and neither can stand. While Oltsvig's answer to the cross-claim pleaded contributory negligence, no instructions were asked for or given on this issue. The instructions on the cross-claim were very meager but we interpret them to be, in effect, that on the cross-claim the Eldredges were plaintiffs and Oltsvig was defendant and as such plaintiffs, cross-claimants had the same burden of proving their case by a preponderance of the evidence as the plaintiffs Miller. The jury would have to and it was no doubt intended that it should apply the instruction in that respect which had been given the jury on the main case, to-wit: that the defendants Eldredge must prove Oltsvig negligent and his negligence was the proximate cause of the damage to the Eldredge car.

■ If the two verdicts are inconsistent the court's order setting one aside could not cure the defect. Clearly, under the evidence the court could not decide as a matter of law that there was no evidence that Oltsvig was negligent or that his negligence, if any, was not the proximate cause of the damage to the Eldredge car. Consequently the validity of plaintiffs' verdicts and judgments must be determined independently of the order setting aside the Eldredge verdict.

■ The effect of the instructions as a whole was to tell the jury that if Oltsvig was negligent and his negligence contributed to plaintiffs' damage and caused the damage of defendants Eldredge, it could return verdicts against him on both complaint and cross-claim. Appellants say this is a legal impossibility because by finding in favor of defendants Eldredge and against Oltsvig the jury necessarily found the driver of the Eldredge car did not contribute to the accident and by finding against all defendants in favor of plaintiffs it necessarily found Loren Eldredge did contribute to the accident and, therefore, the verdicts are inconsistent. There would be substantial force to this position had the jury been instructed on the law of contributory negligence. Had the jury been told that if Eldredge's acts contributed to the accident there could be no recovery against Oltsvig on the cross-claim, the verdict might well have been in accordance with such instruction. To vitiate two verdicts because of inconsistency, they must necessarily be based on inconsistent findings of fact. The jury not having been told the legal consequences of the two verdicts might well have thought that it could find in favor of defendants Eldredge on the cross-claim, even if it found as a fact that Loren Eldredge's negligence contributed to the damage to the Eldredge car. Hence the result was not necessarily a finding of inconsistent facts but may well be attributed to a misapplication of the law,

concerning which the jury had no knowledge. Defendants Eldredge suggest that the verdicts were inconsistent because Arizona does not recognize comparative negligence. This suggestion merely points to another possible cause for the two verdicts based on consistent findings of fact but attributable to ignorance of the law due to the absence of instructions.

There is one other point raised by the appellants which, in view of the fact the case must be retried, probably should be passed upon. Appellants object to the court having given an instruction on intervening cause, claiming that it was beyond the issues and not justified by the evidence and that this instruction was given after settlement of the instructions, thereby changing the law of the case and depriving appellants of the opportunity to argue the same.

Defendant Oltsvig had requested an instruction on the subject of intervening cause which the court had announced it intended to give. After counsel for defendants Eldredge had completed his argument, at the request of plaintiffs, the court modified this instruction. After the instructions were completed, defendants Eldredge objected to the modification, not on the ground that it did not correctly state the law, but upon the ground that they were deprived of the opportunity to argue the instruction as changed. No specific request was then made for an opportunity to argue concerning the changed instruction.

Rule 51, section 21-1019, A.C.A.1939, insofar as applicable to this problem after granting counsel the right to submit written request states:

"The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed."

The purpose of this portion of the rule is to give counsel an opportunity to argue the facts in the light of the law as it will be announced insofar as covered by the request. Terminal R. Ass'n v. Staengel, 8 Cir., 122 F.2d 271, 278, 136 A.L.R. 789. In that case counsel for the defendant was advised that a requested instruction would be refused. The court, without advising counsel of its intention, changed its mind and gave a part of the instruction that had an important bearing in favor of defendant's position. After instructions were concluded, defendant objected on the ground that the instruction had an important bearing on his defense and he had not been given an opportunity to argue the effect of the instruction. The Federal Court of Appeals, after recognizing that

the court after indicating to counsel it will or will not give a requested instruction, should have the right to change the same if upon further reflection during or after argument it determines the first indication was erroneous, and after recognizing that counsel should not be prejudiced by the change in instructions, pronounced the following as a correct procedure under such circumstances:

"Where the court, in its charge, includes matter contained in a rejected request, the party or parties affected thereby should, in connection with exceptions to the charge, call the attention of the court to the specific matter and request the right to argue that particular matter to the jury. Since exceptions to the charge must (under other provisions of this Rule) be taken before retirement of the jury, an opportunity is thus afforded to correct the matter, if, in the light of the situation at that time (including the arguments already made), it should need correction. Such a solution will afford opportunity to obviate granting new trials or making errors which *may* be prejudicial. Here no request to reargue was made by counsel who treated the situation as static."

We think this is a fair, reasonable and practicable interpretation of the rule. Under this rule it is not sufficient to merely object to the changed instruction upon the ground that counsel has been deprived of an opportunity to argue but he must go further and expressly request such opportunity, at which time the court in the light of all the circumstances, including arguments already made, will decide whether such request should be granted to avoid prejudice to the complaining party.

Under the situation in the instant case, the changed instruction had no important bearing on the rights of defendants Eldredge for the reason that the only effect of it was to relieve the defendant Oltsvig from liability in the event defendant Loren Eldredge's negligence was an independent, intervening cause. The jury by its verdict found there was no intervening cause and that all defendants were concurrently liable. Had it found an intervening cause defendants Eldredge would be solely liable. Consequently, there was no purpose in granting defendants Eldredge the opportunity to argue even if such request had been made. For the same reason, whether the instruction was based on adequate evidence or went beyond the issues was harmless as to the defendants Eldredge.

Plainly, there was ample evidence upon which to submit the case to the jury

and there was no error in denying appellants' motion for judgment notwithstanding the verdict.

The judgment is reversed with directions for a new trial.

PHELPS, C. J., and STANFORD, LA PRADE, and UDALL, JJ., concurring.