680 P.2d 1262

**Cynthia L. ROUNDY and Noel J. Roundy, wife and husband; Patricia Roundy, by and through her parents and guardians Noel J. Roundy and Cynthia L. Roundy, Plaintiffs-Appellees,**

v.

**Glenn Lloyd STEWART and Gertrude Stewart, husband and wife; City of Phoenix, a body politic and municipal corporation, Defendants-Appellants.**

**Glenn Lloyd STEWART and Gertrude Stewart, husband and wife, Crossclaimants-Appellees,**

v.

**CITY OF PHOENIX, a body politic and municipal corporation, Cross-defendants-Appellants.**

**No. 1 CA–CIV 6186.**

Court of Appeals of Arizona, Division 1, Department C.

April 5, 1984.

Kenneth Rosengren and Timothy W. Evens, Phoenix, for plaintiffs-appellees.

Hofmann, Salcito, Stevens & Myers, P.A. by Leroy W. Hofmann, Phoenix, for defendants-appellants Stewart.

Jones, Skelton & Hochuli, William R. Jones, Jr., Peter G. Kline, Phoenix, for defendant-appellant City of Phoenix.

## OPINION

JACOBSON, Chief Judge.

Appellant, the City of Phoenix, appeals from jury verdicts rendered against it and finding in favor of the plaintiffs, the Roundys, and in favor of the defendant and cross-claimant, Glenn Stewart. The City raises two issues in this appeal:

1. Whether the trial court erred in denying its motion for a new trial because the jury verdicts were inconsistent.

2. Whether the trial court erred in allowing several expert witnesses to testify as to how the accident occurred.

We find no error and affirm the judgment below.

This appeal arises out of an action filed by the plaintiff-appellees, Cynthia and Noel Roundy, husband and wife, and Patricia Roundy, their daughter, against Glenn Lloyd Stewart, and defendant-appellant, City of Phoenix (City), seeking damages for injuries sustained when the Stewarts' auto crossed the center line, colliding head-on with the vehicle driven by Cynthia Roundy. The defendant Stewart filed a cross-claim against the City. The Roundys' 11 day old baby, Patricia, was a passenger in the car driven by Mrs. Roundy and was injured. The theory of liability against the City was based upon deficiencies in the signing, marking, lighting, and condition of the eastbound lane at the site of the accident.

The accident occurred on Thunderbird Road, a four-lane street, just east of 5th Avenue, approximately 9 p.m. on the night of March 19, 1979. At this location, the City was in the process of widening the

road and had modified the striping and sign designations on the road. As a result, the eastbound lane narrowed from two lanes to one, eliminating the south or curb lane. A lane merger sign was posted before a driver reached the narrowed road, indicating that the right lane was ending and that traffic should merge left. The eastbound lane ended 500 feet east of the corner of 5th Avenue and became an unpaved shoulder.

Cynthia Roundy was driving west on Thunderbird when the Stewart automobile, heading east, suddenly crossed the center line and hit the Roundy vehicle head on. Expert testimony established that Stewart's car was traveling at approximately 35 miles per hour and that Roundy's car was traveling at approximately 40 miles per hour when the collision occurred. The posted speed limit was 45 miles per hour. Stewart suffered amnesia and could not testify as to the events leading up to the accident.

The jury returned a verdict in favor of the Roundys against both Stewart and the City. On the cross-claim, the jury found in favor of Stewart against the City.

## INCONSISTENT VERDICTS

The City first argues that the jury verdicts were inconsistent because, in finding Stewart liable to Roundy, the jury found that Stewart's negligence was the proximate cause of the accident, but, in rendering a verdict for Stewart against the City, it found that Stewart's negligence was not the proximate cause of the accident.

For a verdict to be set aside for inconsistency, it must be shown that the verdict is based on inconsistent findings of fact. *Eldredge v. Miller*, 78 Ariz. 140, 277 P.2d 239 (1954). The jury in finding in favor of the Roundys as against both defendants found that both the City and Stewart were negligent and that the negligence of each was a cause of injuries sustained by the Roundys. The jury in deciding in favor of Stewart and against the City also decided that the City was negligent as to Stewart. The question thus

presented is whether the jury's verdict finding Stewart negligent precludes the jury from ignoring that negligence in finding in his favor against the City. Simply put, does Stewart's contributory negligence preclude recovery in his own right? In our opinion, this is not a question of inconsistent findings of fact, but rather whether the result is legally sustainable. This dichotomy is illustrated in *Eldredge v. Miller, supra*. In *Eldredge*, the plaintiff sued the drivers of two automobiles for injuries resulting from a traffic accident, allegedly caused by both defendants' negligence. Defendant Eldredge cross-claimed against defendant Oltsvig. The jury returned a verdict in favor of the plaintiffs against both defendants and also found in favor of defendant Eldredge on his cross-claim. The Supreme Court analyzed the problem thusly:

> Appellants say ... [that] by finding in favor of defendants Eldredge and against Oltsvig the jury necessarily found the driver of the Eldredge car did not contribute to the accident and by finding against all defendants in favor of plaintiffs it necessarily found Loren Eldredge did contribute to the accident and, therefore, the verdicts are inconsistent. There would be substantial force to this position had the jury ... been told that if Eldredge's acts contributed to the accident there could be no recovery against Oltsvig on the cross-claim .... [Instead] [t]he jury ... might well have thought that it could find in favor of defendants Eldredge on the cross-claim, even if it found as a fact that Loren Eldredge's negligence contributed to the damage to the Eldredge car. Hence the result was not necessarily a finding of inconsistent facts but may well be attributed to a misapplication of the law ....

*Id.* at 146, 277 P.2d at 243.

While at the time of the *Eldredge* decision, the result would not have been legally permissible, had a proper contributory negligence instruction been given, it is now clearly the law in this state that contributory negligence will not bar a claim-

ant's recovery unless the jury decides that it shall. *See Heimke v. Munoz,* 106 Ariz. 26, 470 P.2d 107 (1970); *Layton v. Rocha,* 90 Ariz. 369, 368 P.2d 444 (1962).

In *Heimke, supra,* the Supreme Court, in explaining the jury's function as to the defense of contributory negligence, stated:

Article 18, § 5 ["the defense of contributory negligence shall in all cases whatsoever be a question of fact and shall, at all times, be left to the jury"] does not mean that the defense of contributory negligence is a question of fact which shall be left to the jury ... it means that the defense of contributory negligence shall always be a question of fact *and* the defense of contributory negligence shall at all times be left to the jury.

*Id.* 106 Ariz. at 27; 470 P.2d at 108 (Emphasis in original).

This means not only that "the jury rather than the court is the sole arbiter of the existence or non-existence of contributory negligence," but that the jury may "apply or not as [it] sees fit, the law of contributory negligence as a defense." *Id.* at 28; 470 P.2d at 109.

■ In the instant case, the trial court gave the jury the following instruction:

In the suit between Glenn Stewart and the City of Phoenix, the Defendant claims that Glenn Stewart was negligent and that his negligence contributed to cause his injuries. Whether contributory negligence is a defense to the injuries of Glenn Stewart against Defendant City of Phoenix is left to your sole discretion. If you find that both the Plaintiff and the Defendant were negligent, and the negligence of each was a cause of Glenn Stewart's injuries, then your verdict may, but need not be, in favor of Defendants as to the claim of Glenn Stewart. This means you must decide two things:

1) Whether Glenn Stewart was contributorily negligent, and

2) If Glenn Stewart was negligent, whether this negligence should prevent a recovery in his favor.

In light of *Heimke, supra,* this was a proper instruction. *See also Manhattan-Dickman Construction Co. v. Shawler,* 113 Ariz. 549, 558 P.2d 894 (1976); *Winchester v. Palko,* 18 Ariz.App. 534, 504 P.2d 65 (1972).

The jury, in accord with the first part of the instruction, could have found that Glenn Stewart was negligent and therefore liable to the Roundys, but, as to the second part of the instruction, determined that his contributory negligence should not prevent him from recovering from the City, which was also found to be negligent. The verdict of the jury was therefore not based on inconsistent findings of fact, but on its refusal to apply that contributory negligence to defeat his recovery against the City, a legal conclusion it was at liberty to make under present Arizona law. *Simkins v. Pulley,* 116 Ariz. 487, 569 P.2d 1385 (App.1977), relied upon by the City is not applicable to this situation.

We find that the trial court did not err in denying the City's motion for a new trial, based upon inconsistent verdicts.

## ADMISSION OF EXPERT TESTIMONY

■ The City also maintains that the trial court erred by allowing experts to testify as to how the accident occurred. Specifically, the City views as "purely speculative" statements made by Lowell Hicks, an accident reconstructionist who testified on behalf of the Roundys and Dr. Bleyl, an accident reconstructionist and traffic engineer called by defendant/cross-claimant Stewart.

Lowell Hicks testified, over objection, that the Stewart automobile ran off the road onto the shoulder, over-corrected and came back onto the roadway and into the westbound lane of traffic where it struck the Roundy vehicle head-on. He further testified that Stewart lost control of his vehicle because of the dangerous condition of the roadway and that because of the inadequate signing and marking of the road, drivers were not warned of the danger.

Dr. Bleyl testified that "the condition of the driving environment that was present on the night of the accident presented an unmanageable situation to Mr. Stewart that caused him to leave the pavement, run off the roadway, consequently losing control and collided with the Roundy vehicle." By "the driving environment" Dr. Bleyl was referring to the narrowing of the roadway, the fact that highway construction was taking place in the area, the condition of the south shoulder, and the reduced visibility caused by a street light being out, it being nighttime and the street was wet, increasing the glare from the headlights of oncoming vehicles.

The City contends that there was an inadequate foundation for the opinions of Mr. Hicks and Dr. Bleyl because due to the amnesia of Stewart, no evidence had been presented concerning the direction in which the Stewart auto had been travelling before it went off the roadway; the precise point at which the vehicle left the road; and what caused the Stewart vehicle to veer across the highway. It points out that although Rule 704, Arizona Rules of Evidence, permits an expert to offer an opinion even as to the ultimate issue to be decided in the lawsuit, that opinion must be based on facts in evidence and not on mere inferences.

We disagree that insufficient foundation facts were laid to allow the complained of expert opinions.

First, several eyewitnesses saw the Stewart vehicle immediately prior to the collision. The testimony provided by Michael Weissenborn, Thomas Cook, and Noel Roundy establish that the Stewart vehicle was travelling east on Thunderbird Road and went off the road onto the dirt shoulder at a point east of Fifth Avenue. The witnesses subsequently saw the car, still heading east, in the westbound lane.

Officer Rappelyea, the police officer who investigated the accident immediately after it occurred, testified that because of the detour of the entire eastbound roadway, if Stewart simply headed due east he would have driven onto the shoulder regardless of which of the two eastbound lanes he was in.

Ample physical evidence was also introduced upon which the experts could have based their opinions. This included the position of the cars at impact, evidence of dirt and mud on the passenger side of the Stewart car, and the tire skids. Numerous photographs were also introduced into evidence showing the taper in the roadway and the rough condition of the south shoulder.

Mr. Hicks, the accident reconstructionist, stated that he did not need to know the exact point the Stewart automobile ran off the road. He testified that using the testimony of the eyewitnesses and based on the point of impact of the vehicles and the other physical evidence, he could reconstruct the path of the Stewart vehicle. Hicks also testified that his field of accident reconstruction included "human factors", that is to say he was qualified in determining a driver's expected reaction to stimulus in various situations. Dr. Bleyl's professional credentials also included training in this area.

Finally, Officer Rappelyea's report of the accident introduced into evidence and not objected to by the City agrees completely with the opinions of the experts. The officer's report concluded that the accident occurred when the Stewart vehicle "eastbound on Thunderbird road apparently drove off the paved surface onto the graveled shoulder on the south side of Thunderbird, overcorrected into the oncoming traffic lanes to collide with Vehicle No. 2 [the Roundy automobile] ... head on."

Based on the foregoing, we find that the trial court did not err in allowing the experts to testify as to how the accident occurred. The judgment is affirmed.

CORCORAN, P.J., and EUBANK, J., concur.